IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02536-BNB

SCOTT ALLEN BROWN,

    Plaintiff,

v.

CONNIE CORDOVA,
ROSS TALLMADGE, and
DEBORAH BLALOCK,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 13 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

    Plaintiff, Scott Allen Brown, is a prisoner in the custody of the Weld County Sheriff and is currently incarcerated at the Weld County Jail. Mr. Brown initiated this action by filing a *pro se* Prisoner Complaint for pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. On November 6, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Brown to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. Mr. Brown has not filed a response to the Order to Show Cause.

    Mr. Brown has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the Complaint at any time if the claims asserted are legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. See *Neitzke v. Williams*,

490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous.

The Court must construe the Complaint liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, if the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*.

Mr. Brown is suing for $15,000 in damages allegedly caused by the named Defendants stealing his belongings and destroying his trailer. He also alleges that Defendants Ross Tallmadge and Connie Cordova called the Weld County Sheriff's Office and made three false allegations against Mr. Brown, causing him to be incarcerated for a longer period of time. In his order to show cause, Magistrate Judge Boland noted that the Court has subject matter jurisdiction over claims pursuant to § 1983. However, he determined that Mr. Brown's claims are not asserted properly pursuant to § 1983 because Mr. Brown does not allege that he has been deprived of any federal right and he does not allege that Defendants were acting under color of state law.

As Magistrate Judge Boland noted in his show cause order, § 1983 "provides a federal cause of action against any person who, acting under color of state law,

deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." ***Wyatt v. Cole***, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." ***Am. Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" ***NCAA v. Tarkanian***, 488 U.S. 179, 191 (1988) (quoting ***Monroe v. Pape***, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element, Mr. Brown must show that he was deprived of a federal right through conduct that is "fairly attributable to the State." ***Lugar v. Edmondson Oil Co.***, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id*.

Mr. Brown does not allege that Defendants were acting under color of state law. In fact, Mr. Brown acknowledges that the named Defendants are "regular citizen[s]/civilian[s]." Complaint at 2. Therefore, because Mr. Brown fails to allege facts that demonstrate Defendants were acting under color of state law, the constitutional claims pursuant to § 1983 lack merit and must be dismissed.

deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." ***Wyatt v. Cole***, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." ***Am. Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" ***NCAA v. Tarkanian***, 488 U.S. 179, 191 (1988) (quoting ***Monroe v. Pape***, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element, Mr. Brown must show that he was deprived of a federal right through conduct that is "fairly attributable to the State." ***Lugar v. Edmondson Oil Co.***, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id*.

Mr. Brown does not allege that Defendants were acting under color of state law. In fact, Mr. Brown acknowledges that the named Defendants are "regular citizen[s]/civilian[s]." Complaint at 2. Therefore, because Mr. Brown fails to allege facts that demonstrate Defendants were acting under color of state law, the constitutional claims pursuant to § 1983 lack merit and must be dismissed.

Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 13th day of January, 2010.

BY THE COURT:

*(signature)* for

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02536-BNB

Scott Allen Brown
Prisoner No. P6498
Weld County Jail
2110 "O" Street
Greeley, CO 80631

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/13/10

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk